## E. EDELMANN & CO. v. AUTO PARTS & GEAR CO.

### No. 7725.

Circuit Court of Appeals, Seventh Circuit.

May 15, 1942.

Otis A. Earl, of Kalamazoo, Mich., Ralph M. Snyder, of Chicago, Ill., and Ralph L. Chappell, of Kalamazoo, Mich., for appellant.

W. P. Bair and Will Freeman, both of Chicago, Ill., for appellee.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

This is a suit for infringement of Claims 5 and 6[1] of Edelmann Patent 1,767,439, issued June 24, 1930. The patent relates to specific gravity testers, or hydrometers. The hydrometer consists of a glass barrel, with a graduated float inside the barrel, and a rubber bulb at the top by which it draws fluid into the barrel through a hose at the bottom for the purpose of testing the specific gravity of the fluid. This instrument is commonly used to test the specific gravity of liquid contained in automobile radiators, in order to protect against freezing. When this hydrometer had taken in the fluid, unless there was a base to rest the hydrometer on, movement of the fluid in the barrel made the reading difficult and sometimes bubbles would rise in the barrel, interfering with the reading, and sometimes the movement of the fluid would cause the float to stick to the sides of the barrel.

The plaintiff's alleged invention was not that of the hydrometer but of the base which he put upon the bottom of the barrel, with the hose running out the side of the base so the hydrometer could be rested upon this base and stabilized for the purpose of reading. Because of this element apparently the patent was issued. The District Court held the patent valid and infringed. Some of the plaintiff's hydrometers had bases broad enough to enable them to stand firmly upright, and some with not so wide a base were therefore not so stable but had enough base to position the hydrometer in order to make it steady.

■ We think the patent is invalid for two reasons: first, it is anticipated by the prior art; and second, it is not novel and does not rise to the dignity of invention.

In 1921 Patent 1,394,322 was issued to Marshutz. The plaintiff's claims read squarely upon the Marshutz structure. The Marshutz patent shows a portable specific gravity tester with a glass barrel containing a hydrometer float. At the top of the barrel is a rubber bulb of larger diameter than the barrel. At the lower end of the barrel there is a base which can be rested upon any stable support, such as a part of an automobile radiator, while it is maintained in a verticle position by holding in the hand the bulb at the top of the barrel. The base is of greater diameter and extends beyond the barrel, and through the bottom of the base extends a hose forming an intake into the barrel.

■ Thus it will be seen that every element of the patent is contained in the Marshutz patent. It is true that Marshutz did not state that his hydrometer was to be used by resting the base upon some support in order to steady it vertically by grasping the bulb at the top, but neither did the claims of the patent, as it was likewise silent in this regard. It is possible to use the Marshutz patent in this manner. Since the Marshutz patent contained every element of each of the claims in suit, he could claim patentability to every use to which the structure could be put. He is not required to anticipate every possible use in order to claim coverage by the patent. Roberts v. Ryer, 91 U.S. 150, 23 L.Ed. 267.

There are other instances in the prior art that appear to have taught everything taught by the claims in suit, but we think it unnecessary to review more than the Marshutz patent, as it seems to us that it clearly anticipated the claims in suit.

But irrespective of the fact that this patent has clearly been anticipated, we think it is invalid for another and more substantial reason, and that is that there is no invention involved in the patent.

What was the discovery of this alleged inventor? He discovered that when trying to read the hydrometer, the fluid and the float in the barrel needed to be stabilized. He conceived the brilliant idea that if you want to stabilize something without a base, you put a base on it. Could anything be simpler than that? If something without a base will not stand upright and steady, what is the first thing that one would think of? A base, of course. Is that invention? If it is, then the human

---

1 "5. A specific gravity tester intended for portable hand use comprising a frangible float barrel, a hydrometer element movable in said barrel, a bulb at one end of greater diameter than the barrel, and a supporting base at the remaining end upon which the tester is set to rest in an upright relation also of greater diameter than the frangible barrel.

"6. A specific gravity tester intended for portable hand use comprising a float barrel, a hydrometer element movable within the barrel, a widened base at one end of the barrel by which the same is supported to stand in an upright relation, and a bulb at the upper end of the barrel."

family has not understood what has been perfectly apparent ever since the first baby sat upright upon its own bottom. The stabilizing influence of that stance cannot be considered novel in this year of 1942. There was no novelty in the plaintiff's concept. There was no invention, and the patent is invalid. Railroad Supply Company v. Elyria Iron & Steel Company, 244 U.S. 285, 37 S.Ct. 502, 61 L.Ed. 1136.

The decree is reversed, with instructions to the District Court to dismiss the complaint.